Holt *v.* Kirby.

---

† Holt *versus* Kirby.

A party in whose favor an award is made under a rule of Court, is entitled to judgment thereon, notwithstanding his creditor may have attached the same, after the acceptance of the award, by a trustee process.

Under such circumstances, the debtor under the award is not chargeable as trustee.

Exceptions from *Nisi Prius*, Howard, J., presiding.

This was a report of a referee under a rule of Court in favor of the plaintiff, which was ordered to be accepted at the October term, 1854.

Holt *v.* Kirby.

After that acceptance a suit was commenced by J. M. Adams against the plaintiff, returnable at the January term, 1855, in which the defendant was summoned as his trustee, and disclosed his indebtedness in the amount of the award.

The plaintiff's counsel moved for judgment on the award, on the ground that defendant was not chargeable as trustee; but the Court overruled the motion and charged the defendant on his disclosure.

*O'Donnell,* in support of the exceptions, cited 7 Mass. 413; R. S., c. 138, § § 9, 13; *Lothrop* v. *Arnold,* 25 Maine, 136; *Barnard* v. *Spofford,* 31 Maine, 39; *Phelps* v. *Goodman,* 14 Mass. 252; R. S., c. 119, § § 13, 64; *Strout* v. *Clements,* 22 Maine, 292; *McCaffrey* v. *Moore,* 18 Pick. 492.

*J. M. Adams, contra.*

Tenney, J. — No opportunity is given to the defendant in an action as principal, to avail himself of his disclosure and proceedings thereon in an action against the plaintiff, in which he is summoned as trustee, excepting in the mode pointed out by the statute. This mode is by introducing the disclosure and proceedings in evidence, on the *trial* of the action against him as principal. R. S., c. 119, § 13.

If the indebtedness of the party who is principal in one action and trustee in the other, has been fixed by the award of a referee in the former, the parties in that action having agreed that judgment on the report shall be final, the Court have no power to interpose to prevent judgment thereon, unless for some other cause the report should be rejected. This has been decided by this Court, to be the obvious meaning of the statute. *Strout* v. *Clements,* 22 Maine, 292.

*Exceptions sustained.    Trustee discharged.*